UTICA,
July, 1834.

Hooker
v.
Utica, &c.
Turnpike Co.

</div>

---

## Hooker vs. Utica & Minden Turnpike Road Company.

A *turnpike road company*, who have neglected to finish the construction of their road within the time limited by their charter, who have abandoned a portion of it, and permitted the owners of lands through which it passes to enclose the same, have no right to sue for penalties for injuries to that portion of the road not actually occupied by them, although the company went into operation, constructed a portion of the road, were permitted to erect a gate, and had the damages of the owners of the lands through which the road was laid duly appraised.

To defeat an action for such penalties, it is not necessary to show an absolute *forfeiture of the charter;* it is enough if the company have so conducted as to induce the belief that they have *abandoned the road.*

*It seems* that the title, to the land over which the road passes vested in the company, is vested solely for the purposes of a road, and that when the road is abandoned the land reverts to the original owners.

Error from the Herkimer common pleas. The turnpike road company sued Hooker in a justice's court, to recover a penalty of $25, given by the general act relative to turnpike companies, 1 R. L. 234, § 8, the company charging him with digging and tearing up a sluice-way made on the road. The plaintiffs recovered before the justice, and the defendant appealed to the Herkimer common pleas. On the trial in that court the plaintiffs proved their act of incorporation, passed in 1809, authorizing the construction of a turnpike road from the town of Minden, in the county of Montgomery, to Utica, and another act extending the time for the completion of the road until 1826. They exhibited a map of the survey of their road, filed in pursuance of the act of incorporation, a record of the appraisal of the damages of individuals through whose lands the road was laid, and a certificate of the governor of

the state, that inspectors appointed by him had reported that *ten miles* of the road on the west end thereof were finished, and that he therefore authorized *a gate* to be erected thereon. The plaintiffs proved that in 1826 a gate was erected on the ten miles which were completed, but that the road becoming bad, and the company not able to put it in complete repair, they threw up the gate; that they had, however, made more or less repairs on the road every year, and in 1829 expended considerable labor upon it. The act charged upon the defendant was proved to have been done in 1829, subsequent to the removal of the gate. The defendant *offered to prove* that the company had not completed their road *within the time limited* by the original act of incorporation, nor within the period limited by the act extending the time for its construction; and that the part of the road where the sluice-way was constructed had been abandoned by the company ever since 1826, and had been fenced in by the owners of the land; which testimony the court refused to receive, and the defendant excepted. The jury found for the plaintiffs and judgment was entered upon the verdict. The defendant sued out a writ of error.

*J. B. Hunt*, for the plaintiff in error.

*D. Andrus*, for the defendant in error.

*By the Court*, NELSON J. It seems to me that if the facts offered to be proved by the defendant had been established on the trial, the plaintiffs would not have been entitled to recover the penalty sued for, within the spirit and meaning of the act. Whatever dormant rights might still have belonged to the company, after having so long abandoned the road, and neglected to keep it in repair and suitable condition for the public use, and after having given it up to the possession and occupation of the owners of the land through which it ran, it would be allowing the company to take advantage of their own negligence and wrong, to permit them to profit by enforcing the penalties given by the statute. The owners of the lands through which the road ran had good cause for believing that

the corporate rights of the company had been *voluntarily surrendered*, and that the lands had reverted to the original owners.

Although the act of incorporation vests in the company the title to the lands over which the road passes, on compliance by them with the provisions of the act, such title must nevertheless be considered as vested only for the purposes of a road, and when the road is *abandoned*, the land reverts to the original owners.   We do not think this point necessarily turns upon the question whether the company have *forfeited their charter*, if they have so conducted as to fairly warrant the belief in the individuals through whose lands the road ran, that they had abandoned their charter, they ought not to be permitted to enforce the penalties given by the statute under which this suit was brought.   The evidence offered by the defendant ought to have been received.   The judgment must therefore be reversed, and a *venire de novo* must issue.