By the Court,

Parker, P. J.
The grant from Dederer to the Hudson and Delaware Railroad Company was made upon the express condition, that the road should be constructed by the grantee within the time prescribed in the act of incorporation. Whatever estate passed by the grant, was therefore made to depend upon that condition subsequent, on a failure to perform which, the grantor would be at liberty to re-enter. It is alledged that the estate was forfeited by a failure to perform the condition, and that the plaintiff, who claims to be the owner of the land in fee simple by virtue of several mesne conveyances, is entitled to avail himself of the forfeiture.
Conditions in a deed can only be reserved for the grantor and his heirs. A stranger can not take advantage of the breach of them. (4 Kent’s Com. 127.) And the reason for this well settled rule of the common law is, that the estate is not defeated although the condition he broken, until entry by the grantor or his heirs, and “ nothing which lies in action, entry or re-entry, can be granted over, in order to discourage maintenances.” (Greenl. Cruise on Real Property, vol. 1, tit. 13, ch. 1, § 15.) Before the breach, there is nothing in the grantor to assign; and the right of entry, after breach, is at common law and by statute *462 incapable of assignment. (1 Smith’s Lead. Cas. 89, 90. 1 Wend. 389. 2 Hill, 491.) When therefore a grant in fee has been made, depending upon a condition subsequent, no one can re-enter on breach of the condition, except the grantor or his heirs. A conveyance made by the grantor to a third person, either before or after breach of the condition, will not carry with it a right to re-enter for condition broken.* This rule, however, does not extend to leases in fee reserving rents, nor to leases for life or years. (1 R. S. 747, § 23 to 25.)
The plaintiff's right therefore to maintain an action for a breach of the condition, depends upon the question whether the grant from Dederer to the Hudson and Delaware Railroad Company was a lease for years, of a conveyance in fee. It is found by the special verdict, that Dederer, on the first day of July, 1836, being the owner in fee simple of a certain farm or tract of land situate, <fcc., by his deed, dated and executed on the last named day and year, for and in consideration of the ben efits and advantages to him of the railroad proposed to be made by the Hudson and Delaware Railroad Company, and of one dollar to him in hand paid by such company, granted to such company the privilege, by their agents and engineers, of surveying and laying out through his said farm of tract of land the route and site of their said road; and also for the same consideration, thereby granted, bargained, sold and conveyed unto the Hudson and Delaware Railroad Company, “ and their successors,” so much of his aforesaid farm or tract of land as might be selected and laid out by the Hudson and Delaware Railroad Company for the site of their said road, six rods in width through his said .farm or tract of land; provided always, and such grant was made upon the express condition, that the said railroad should be constructed by the Hudson and Delaware Railroad Company within the times prescribed in the act of incorporation ; and the jurors further found that the route was duly selected, and laid out six rods wide, and that such land, so selected, was the same land claimed in the declaration. The grant upon its face purports to convey a fee, in express terms. Being made to a corporation “ and their successors,” it would be *463 held to convey a fee even according to the most strict requirements of the common law.
But it is argued on the part of the plaintiff, that the grant must be construed to convey only an estate for years, because the corporation to which the grant was made, was created only for the term of fifty years. (Laws of 1835, p. 113, § 1.) The case of The State v. Rives, (5 Iredell’s Law Rep. 297,) cited by the plaintiff’s counsel, is inapplicable. That was an indictment for obstructing a highway in tearing up the rails of the Portsmouth and Roanoke Railroad Company. The act incorporating the company declared that after the assessment and payment of damages for the land to be used for the construction of the road, the company might enter upon the said land, &c. and hold the said land to their .own use and benefit, for the purpose of preserving and keeping said railroad during the continuance of their corporate existence, (sixty years;) and in all things to have the same power and authority over said land, so laid off, during their existence as a corporation under the law of the state, as though they owned the fee simple therein. The question presented was, Whether the company took any of the estate in the land liable to execution, under which it had been sold to the defendant. It was held that the corporation, after assessment and payment of damages, became the tenant of the land, as the owner of the legal estate for the term of sixty years, subject to the earlier determination of the corporation, for any cause. The court said that most of the railroad charters of that state gave an estate in fee, but under the peculiar phraseology of the act, they held the estate in that case to be only an estate for years. In that case there had been no grant whatever to the company. The question presented was, What interest did that statute give to the company, where lands were compulsorily taken ? In Hooker v. Turnpike Co. (12 Wend. 371,) and The People v. White, (11 Barb. 26,) the question of title is discussed where the proceedings are in invitum.
But the question here presented is, Whether, where the grant in express words conveys a fee, it shall be adjudged to be only an estate for years, because the grantee had a corporate exist *464 ence given by its charter for only fifty years. At common law the rule was, that if the grantee only was named in the deed, it conveyed only an estate for life. Words of limitation were necessary, such as “heirs” or “successors,” if it was intended to convey a fee. But there were cases in which a fee would be implied without words of inheritance or succession; as where land was conveyed to a corporation aggregate, (Viner’s Ab. Estate, L. 3,) or to a mayor or commonalty, [Id. 3,) a fee passed without the word “ successors” because the grantees were perpetual. The grantee named having a perpetual existence, the estate could not be enlarged by words of succession. In such case the law implied an intention to convey a fee. But it is also a well settled rule of law, that “ No implication shall be allowed against an express estate, limited by express words.” (Viner's Ab. Implication, A. 5. 1 Salk. 236.) And in the case we are considering, there is no room for implication, for the estate intended to be conveyed is as plainly expressed in the grant, as if it had been called “ an estate in fee.” We may imply in the absence of express words, but we can not imply against them.
I suppose we • are in all cases to ascertain what estate was conveyed, by reference to the grant itself. Ibis the only legitimate mode of ascertaining the intent of the parties, and must be conclusive in all cases, where the grantor is capable of conveying and the grantee of taking. In most cases, the language of the conveyance will be conclusive on the party conveying and those claiming under him, though only a lesser estate actually pass by the conveyance. (1 R. S. 739, §9 143,144.)
Indeed the statute seems now to be conclusive on this point. (1 R. S. 748, § 1.) After declaring that the term “ heirs” or other words of inheritance shall not be requisite to create or convey an estate in fee, it provides that every grant or devise of real estate thereafter to be executed, shall pass all the estate or interest of the grantor or testator, unless the intent to pass a less estate or interest shall appear by express terms, or be necessarily implied in such grant. It was found by the jury that Dederer was seised in fee simple; his whole estate must have passed by his conveyance, which purported to convey a *465 fee, as we are not permitted under the statute last cited to look for implication beyond the terms of the grant. The kind of estate conveyed by a deed can not be ascertained by reference to the length of time the grantee has the ability to enjoy it. If so, every estate conveyed to an individual by deed, in terms plainly expressing a fee, would bo but a life estate, because the grantee’s term of enjoyment must necessarily be limited to his life.
There can be no doubt of the power of the Hudson and Delaware Railroad Company to purchase and hold lands in fee. Its charter (Laws of 1835, p. 113, § 9) expressly conferred the power to purchase and hold all the real estate which might bo necessary and convenient, in accomplishing the objects for which the act of incorporation was granted. This did not mean that they should take only an estate for years, but it authorized them to purchase in fee. It is under such provisions that land is purchased by a railroad company on which to make expensive erections for depots and other purposes, and it is under a like provision that banks, whose charters are generally of limited duration, purchase and hold land for the erection of a banking-house. Corporations limited in their duration, may not only purchase, and hold in fee, but they may sell such real estate when they shall find it no longer necessary or convenient. (The People v. Munson, 5 Denio, 389. 2 Kents Com. 281. Preston on Estates, 250.) Corporations have a fee simple for the purpose of alienation, but they have only a determinable fee for the purposes of enjoyment. On the dissolution of the corporation, the reverter is to the original grantor or his heirs, but the corporation may defeat the possibility of a reverter, by an alienation in fee. (2 Preston on Estates, 50. 5 Denio, 389, 401. Bingham v. Weiderwax, 1 Comst. 509. Angell & Ames on Corp. 128, 129. 2 Kents Com. 282.) The statute (1 R. S. 599, § 1,) gives to every corporation the power to hold, purchase and convey such real and personal estate, as the purposes of the corporation shall require, not exceeding the amount limited by its charter. This is clearly a power to hold, purchase and convey in fee. (2 Kents Com. 281.)
^The conveyance from Dederer to the Hudson, and Delaware *466 Railroad Company carried therefore an estate in fee. That being the case, no person except Dederer or his heirs has the right to inquire whether the estate has been forfeited by a failure to keep the condition subsequent. It follows that the plaintiff can not maintain this action, and it is therefore unnecessary to examine the other questions raised and discussed on the argument.'-''
[Albany General Term,
February 2, 1852.
The judgment rendered at special term must be reversed, and judgment given for the defendant.
Parker, Wright, and Harris, Justices.]