NATHAN GREEN,
JAMES O. SHACKLEFORD, } *Judges.*
ALVIN HAWKINS,

---

JOSHUA D. SPAINE VS. TENNESSEE AND ALABAMA RAILROAD
COMPANY.

PUBLIC WAYS. *Title to soil in.*

1. Where the calls of a deed are to a street, alley or public highway,
the purchaser takes the right of the soil to the center of the way,
subject to the public easement; the *medium filum via* becomes
his boundary, and as to that portion of the public way within the
limits of his purchase, he may eject a trespasser, or recover dam-
ages for a trespass.

CASE COMMENTED UPON. *Elder vs. Burris, 6 Humph. 366.*

2. The decision in that case that the principle of the common law,
that riparian owners above tide water take the fee in the soil to the
centre of the stream is not in force in Tennessee; *said,* to have no
application to streams not navigable.

SHACKLEFORD, J., delivered the opinion of the Court.

This is brought in the Circuit Court of Davidson, by the
plaintiff in error vs. the defendant in error, by a petition
under the provisions of the charter of the defendants, to
recover damages for taking the lands of plaintiff in the
construction of their line of railroad. By the consent of
the parties John Trimble and E. H. Ewing, Esq., were
appointed commissioners to assess and report the damages

sustained by the plaintiff, which was done, and amounted to seven hundred dollars for the one-half of the alley of plaintiff in error. It appears the late Judge Whyte was the owner of a large lot in the city of Nashville, fronting on High and Broad streets. This lot was sub-divided into lots, with alleys laid out between them for the use of the public and convenience of purchasers. The plan was registered in the Register's office of the county; at the sale the plaintiff became the purchaser of three lots. The descriptive part of the deed is as follows:

Being that part of ground lying on Broad street, belonging to the late Judge Whyte, and known and described in the division of said property as lot No. 22, fronting on High street 31 feet, and running back 200 feet to a 20 foot alley; also two lots, 23 and 24, fronting each 32 feet on High street, and running back 200 feet to a 20 foot alley, &c. The alley was appropriated by defendants in error, in the construction of their road in bringing it into the city, under the provisions of the charter of the company. The court charged the jury in substance as follows: This was a remedy created by statute for landholders on the line of the road where lands have been taken by the company, that incidental damages could not be recovered by persons under this proceeding, whose lands had not been taken. The question before them of vital importance was to ascertain whether the lands of the plaintiff had been appropriated by the defendants. The plaintiff claimed, under a purchase from the late Judge Whyte, and his deed calls for 200 feet running back *to a twenty foot alley*, and he was of opinion the calls of plaintiff's deed stopped at the edge of the twenty foot alley. A judgment was rendered for defendants, from which the plaintiff in error has appealed to this court.

This case presents the question for our determination whether lines of a deed calling for an alley, street or highway, go to the centre of the alley, street or highway, or stop at the termination of the calls of the deed.

Upon this question there is much conflict of authority in the different State courts of the Union. By the common law it is well settled where the calls are for a highway or to a river above tide water, the grant or calls of the deed run to the centre of the road or stream. This principle seems to be as old as the common law. This court held in the case of Elder vs. Burrus, 6 Hump., 366, the common law principle was not applicable to navigable streams in this State, and was not in force, but by that decision the principle is not changed as to streams not navigable, and the boundary extends to the *medium filum*. Chancellor Kent in his commentaries, 433, vol. 3, says : "The established inferences of law is that a conveyance of land bounded on a public highway, carries with it the fee to the centre of the road as a part and parcel of the grant. "This idea of an intention in a grantor to with-hold his interest in a road to the middle of it, after parting with all his right and title to the adjoining land is never to be presumed.' This princiale is fully sustained in the case of Chatain vs. Branard, 11 Law Com.; ulso in case of Peck vs. Muke, Law R., vol. 10 ; also 3 Farf. (Maine,) 463 ; 13 New Hampshire Rep., 381 ; 38 Maine 195. From these authorities the principle may be declared that a grant of land described as bounded on a highway carries the fee to the centre of the grant owned.

A different principle has been settled in Massachusetts and New York. In the case of Jackson vs. Hathaway, 15 Johnson's Reports, 447, 11 Parkirun, 194, 5 Wharton 18

(Penn.) Also the case in 10 Peters 25, in which it was held that the highway or street was excluded. Upon an examination of some of these authorities which are cited as controlling this principle, it will be found other circumstances entered into and influenced the judgment of the Court. In the case in 10 Peters, 25, of Harris vs. Ellert, the property was assessed by a jury, and the conveyances were made in pursuance of the assessment, and the Court held the streets were not included. The principle seems to be well settled in Massachusetts and New York, that the highway or street will be excluded when the grant calls for the highway or alley. In this State it is a settled principle in matters of boundary, a reference to natural objects on land, controls courses and distances. It is a rule founded in reason and sound policy. No other principle could have been adopted under our peculiar system of land law. A highway, street or alley, is a natural monument visible to all, as much as a wall or any other natural object. By a reference to monuments on the soil the purchaser can see and identify the land; his deed extends to the natural objects that are visible, his rights become fixed and definite, and do not depend on mathematical descriptions; courses and distances yeild to these objects.

Holding his title fixed by natural monuments for seven years under his grant or deed, his title becomes perfect under our laws. It is a settled principle in the law of a wall that the lines extend to the centre. Of a stream not navigable the line extends to the *medium filum*. This principle is recognized and adopted in all those States that have held that boundaries on a street do not extend to the centre. We can see no reason for exchanging the rule as to highways, streets or alleys. The principle is alike

applicable to them. It is a rule of the common law, and no sufficient reason has been presented as to hold the rule not in force in Tennessee. The party pnrchasing land bounded on a highway, street or alley takes the property subject to the public easement. He has the right of soil and can eject trespassers from it. The citizens are entitled to the use of it as a passway, or the purpose for which it was given to the public. The owner has no right to close it without the assent of those having municipal contract, and with the assent of those who are immediately interested in its use.   (1)

(1) 1 Rollin's Abridgement, 392, 1, 5; Sellwyn's *Nisi Prius*, p. 1345; 3 Kent, Com. 432, *et seq.*; Davis v. East Tenn. & Ga. R. R., 1 Sneed, 100; Devaston v. Paine, 2 Smith's L. C. 6 Am. Edition, p. 213, and the American note ; Peck v. Smith, 1 Conn. 103 ; Chatham v. Brainerd, 11 Conn. 60; Tyler v. Hammond, 11 Pick. 193; Cook v. Green, 11 Price, 736 ; Headlam v. Headley, Holts Bos. 463 ; Stackpole v. Healey, 16 Mass. R. 33 ; Adams v. Emerson, 6 Pick. 57; Perley v. Chandler, 6 Mass. 454; Robbins v. Bowman, 1 Peck, 122; Lewis v. Jones, 1 Penn. St. Rep. 386 ; Fairfield v. Williams, 4 Mass. 427; Mayor &c., of Savannah v. Steamboat Company, R. M. Charlton Rep. 342; United States v. Harris, 1 Sumner, 21, 37; Nicholson v. Stackett, 1 Walker Miss. R. 67; Matter of John and Cherry Sts., 19 Wendell, 659, 666; Nelson J., in 12 Wendell, 371, 373.

If the calls are to a navigable stream, the purchaser will take to low water mark. Elder v. Burris, 6 Humph. 364; Wilson v. Forbes, 2 Dev. N. C. Rep. 46; Martin v. Nance, 3 Head, 649.

If the stream be navigable in the sense of the common law, that is, subject to ebb and flow of tide, the soil covered by the water, as well as the use of the stream, belongs to the public; but if it be navigable in the sense of the civil law, or in the common sense of the term, and not subject to the ebb and flow of tide, the bed of the stream belongs to the riparian owners, subject to the public easement. But as to streams unfit for navigation, the right of property and use are wholly and absolutely in the adjoining proprietors. Streets v. Clark's Lessee, 2 Swan, 9, 16, 17.

17—TENN. REP.

Joshua C. Spaine v. Tennessee and Alabama Railroad Company.

We are of opinion if a grant or deed calls for a street, alley or highway, unless there are words in the deeds showing a clear intention on the part of the grantor to restrict the boundaries to the edge of the road, street or alley, the lands of the deed will extend to the centre, and the *medium filum* becomes the boundary. The right in the fee to the soil passes to the grantee subject to the public easement. The principle, in our opinion, is in accordance with the common law, and is sustained by the weight of authority of the courts of our sister States, and is founded in reason and sound policy. In this case the lines of the plaintiff's deed extended to the centre of the alley, and the *medium filum* became the boundaries ; the fee rested in him subject to the public easement, and he has the right to recover damages in this suit from defendant in error. The ruling of the Circuit Judge being in conflict with the principles of the law as announced in this opinion, was error.

The judgment of the Circuit Court will be reversed and a new trial awarded.

*Judgment reversed.*

In the case of the Tennessee and Alabama Railroad v. Adams, 3 Head, 596, it was said to be an open question, whether, where a railroad, acting within the franchises of its charter, laid its track upon an alley, the owner of a lot abutting against the alley, could recover of them compensation for the use of the alley. If he could, it must be in the manner pointed out in their charter.

It was there *held*, on the authority of Mitchell v. the Franklin and Columbia Turnpike Co. 3 Humph. 456 ; and Woodfolk v. the Nashville and Chattanooga R. R. Co., 2 Swan, 432, 437, that so long as the defendants acted within the privileges of their charter, the plaintiff could not maintain a common law action against them, treating them as wrong doers.