| 38 | 195 |
|----|-----|
| 85 | 388 |
| 38 | 195 |
| 92 | 220 |

## HUNT *versus* RICH.

An individual, without *lawful* authority from the town obligated to keep it in repair, cannot reconstruct one of its highways, and make it safe and convenient in parts of it not previously actually *used* by travelers. For such acts he is liable in trespass to the owner of the land.

A title by *deed* is not necessary to sustain such an action. *Possession* is sufficient against a wrongdoer.

Where a parcel of land is bounded upon a *highway*, the grant extends to the *centre* of the way, if the grantor's title allow it.

The mere fact that the existence of a *road* is proved to the jury, will not authorize them to infer that it was of such *width* as to make it safe and convenient to be passed over with teams and carriages.

Hunt *v.* Rich.

ON EXCEPTIONS from *Nisi Prius*, SHEPLEY, C. J., presiding.

TRESPASS *quare clausum.*

The pleadings were the general issue and brief statement of authority from the town to make safe and convenient a public highway, which they were bound to repair; and that the acts, &c., were done by defendant in performance of his duty as a committee appointed for that purpose.

The plaintiff claimed title by possession and also by deed. The boundaries in the deed are recited in the opinion.

It was said by the witness who made the deed, that there was a road passing near plaintiff's lot, and a good deal said about where it was; and he run out the plaintiff's land and began one rod west of the stone wall on the eastern side of the road, and then run back ten rods, and the back line was parallel with the street.

Some of the evidence tended to show the cutting, &c. on the east and some on the north of said line.

Defendant justified under a vote of the town of West Bath and read extracts from the records.

The defendant requested these instructions.

1. That the deed should be construed to limit the extent of plaintiff's possession.

3. In this case the plaintiff does not own the fee to the centre of the road.

Both were refused.

4. That if defendant was acting under the authority of the town in repairing the road, he is justified in making it safe and convenient.

This was given with this qualification, "not unless that authority was lawfully conferred."

5. That if the cutting, &c. by the defendant, was east of a line drawn from a point one rod west of the eastern wall at Hunt's south line, to the south-east corner of Luther Storer's wall, as stated by witness, then the plaintiff cannot recover. (Refused.)

6. That if satisfied of the existence of a road, the jury

are authorized to infer the width to be such as to make the road safe and convenient for passing with teams and carriages. (Refused unless connected with other testimony.)

The Judge did instruct the jury, that the plaintiff's land, by the boundaries named in his deed, must be considered as bounded on the highway, whether the way was of greater or less width; that the record of the call, warning and proceedings of the town, purporting to give authority to open the way, were illegal and conferred no authority.

A verdict was returned for plaintiff, and defendant excepted.

*Gilbert* and *Tallman*, in support of the exceptions, among other points, contended, that although the meeting at which defendant received authority to make the road was illegal, yet the town being bound to have the highways safe and convenient, each individual could rightly perform that duty. The right to pass over it necessarily included the right to make it safe and convenient.

*Porter* and *Smith, contra*.

TENNEY, J.— This action is trespass for a breach of the plaintiff's close in West Bath, with aggravation in having torn down and destroyed his fence, his fruit and other trees, and dug up the bank and carried away the soil and earth. The defendant pleaded that he was not guilty; and in a brief statement justified the acts complained of, as having been done under the authority of the town in making and repairing the highway, alleged to be over the land on which the acts were committed, and in removing obstructions therefrom. The plaintiff relied on parol evidence, and upon a deed from one Winter & *ux.* for proof of his possession of the premises described in the writ. The verdict, under instructions from the Court, was for the plaintiff; and whether those instructions and the refusal to give others, as requested, were erroneous, are the questions of law now before us.

The jury were instructed, that the plaintiff's land by the boundaries named in the deed, must be considered as bound-

ed on the highway, whether the way was of greater or less width; and that the record of the call, warning and proceedings of the town, purporting to give authority to open the way, were illegal and conferred no authority.

The description in the deed is as follows:—"on the western side of the road, and nearly opposite the northern end of the dam at Winnegance, and six feet southerly from directly opposite on a continuous line, from the south-west corner of a lot of land we sold to T. W. Waldron, then north fifty degrees west ten rods, thence northerly parallel with the street, carrying the width of ten rods to land of Luther Storer, thence easterly to the street, leaving on the street three rods of land adjoining the land of Luther Storer."

It is manifest from the description in the deed that it was the design of the parties thereto, to bound the grantee on the street, and not upon a line arbitrarily assumed as the true boundary, without reference to the street; it was regarded as matter of uncertainty at what particular place the line of the street was; and to fix, so far as was practicable, the location of the land, a line was run for that of the west line of the street, and the south and north lines were fixed as being ten rods from each other, and the west line as ten rods distant from the street wherever that should be. The eastern boundary was intended to be upon the highway, and not to deviate therefrom, if its width should prove to be greater or less than was then supposed.

The other instructions given, and the fourth instruction requested and refused, appertain to the same question, and may be considered in connection.

It was not controverted in argument that the proceedings of the town disclosed by the record, touching the authority conferred upon the defendant, were irregular and wanting conformity to the requirements of the statute. It was however insisted, that as the town was bound to keep all their ways in repair, and an inhabitant of the town was therefore exposed to loss in case of any neglect therein, he may have

been informally appointed an agent for the purpose of making the road, and repairing the same, and may do all which is necessary to prevent the town from incurring any liability.

Every person is entitled to a passage over a highway. In order to make that passage safe and convenient no one can deny his right to remove a stone, and to repair any temporary defect in the road for such a purpose; and greater repairs in the part ordinarily traveled, if not injurious to the owner of the land, might not give him a cause of action. But it does not follow that such private individual could in his own discretion reconstruct the highway, take down the fences which are within its limits, cut down trees and take away the earth on parts which travelers have not before used for passing and repassing. The statute has entrusted this duty to an officer to be legally chosen at a meeting of the town, properly called and held, and to be under oath in the discharge of this duty. To his judgment and discretion is committed an important trust. He is to see that a proper road is to be made for the public, and that the rights of individual proprietors of the land are not unnecessarily invaded. R. S., c. 25, § § 62, 71, 72. In *Ruggles* v. *Lesure,* 24 Pick. 187, MORTON, J., says:—" Individuals have no right to lay out, widen or straighten public streets or highways. Private interests would clash with public convenience."

If such power cannot be exercised by a private individual, according to his own opinion of what is fit and proper, no number of citizens can confer upon him greater power unless in the mode prescribed by law.

The action of trespass is founded upon a supposed injury to the plaintiff's possession, and can be maintained without proof of title. It follows that title to a part does not prevent a recovery for the injury to the land not covered by the deed, but which the plaintiff has in possession, against a person making out no justification.

When lands are bounded on a highway, they extend to the centre of the highway, if the grantor has title so far. *Bangor House* v. *Brown,* 33 Maine, 309. Before the third in-

struction requested could have been properly given, it must have been shown by evidence that the principle was here inapplicable. Nothing of the kind is found in the case.

The instruction requested, that the existence of a road would authorize the inference that it was of such width as to be safe and convenient, was properly refused. If the truth of the proposition involved in the request was established, in many cases it would subject proprietors of lands adjoining highways to great losses without compensation; and might carry a right of way, founded in prescription, to an extent beyond the limits proved by long and continued use.                                        *Exceptions overruled.*

RICE, APPLETON and CUTTING, J. J., concurred.