ROBERT R. HARRIS, Trustee, *vs.* CHARLES LARRABEE et als.

Androscoggin.   Opinion October 7, 1912.

*Appeal.   Award.   Bounds and Admeasurements.   Damages.   Highway.   Highway Surveyor.   Justification.   Trespass Quare Clausum.   Waiver.*

Trespass quare clausum, on report. The defendants admit the acts complained of but plead in justification that they were done by them in building a town road as laid out by the selectmen.

The way was laid out around a hill for a distance of about fifty rods over cleared land, and the defendants built an ordinary road about fifteen feet wide over the way as laid out. The work was done on Friday and on the following Monday the plaintiff plowed and harrowed the way, in part at least, and planted it in connection with the cultivation of the adjoining land.

It clearly appears that the defendants did the acts complained of without authority of any vote of the town, or direction of the selectmen, highway surveyor or road commissioner. They acted in their own discretion as private individuals and without permission of the plaintiff express or implied.

*Held;* that the statutory laying out of a town way affords no legal justification for the acts of a private individual in building a road over the way unless at least he was acting as a highway surveyor or road commissioner, or was in some way authorized and directed by the town to build it.

The acts complained of were committed without legal justification and the defendants are liable therefor in this action of trespass.

The actual damages sustained by the plaintiff on account of the defendants' acts were comparatively small, and in the opinion of the court the facts and circumstances do not require that any punitive damages should be awarded.

On report. Judgment for plaintiff for ten dollars and costs.

Trespass quare clausum for breaking and entering plaintiff's close, situate in Durham, in the County of Androscoggin, and committing the acts complained of. The defendants admit the acts complained of, but plead in justification that they were done in building a town road as laid out by the selectmen. Plea, the general issue with brief statement justifying the acts of the defendants.

The case is stated in the opinion.

*Clarence E. Sawyer,* for plaintiff.

*McGillicuddy & Morey,* for defendants.

Sitting: Whitehouse, C. J., Savage, Spear, Cornish, King, Haley, JJ.

King, J. Trespass quare clausum, on report. The defendants admit the acts complained of but plead in justification that they were done by them in building a town road as laid out by the selectmen. The material facts, as shown by the report, are these:

The selectmen of the town of Durham undertook to lay out a town way over land then owned by Clarence E. Carville. The return of their doings, dated June 18, 1909, filed with the town clerk, did not contain by express recital the bounds and admeasurements of the way, but it did recite that "such laying out with the bounds and admeasurements has been filed with the town clerk," and they did file with the town clerk the original petition which contained the bounds and admeasurements of the way as prayed for, together with a map. August 14, 1909, Carville conveyed the land to the plaintiff. The town at a meeting held April 30, 1910, voted to accept the doings of the selectmen in laying out the way. Carville appealed from the decision of the selectmen whereby he was awarded $30 damages for the land taken for the way, and the plaintiff joined in and signed that appeal "so far as his interest may appear."

The appeal was entered in the Supreme Judicial Court for Androscoggin County, and at the April Term thereof 1912 the judgment of the selectmen was affirmed with costs. The legality of the laying out of the way being questioned the selectmen declined to build it, whereupon the defendants in this action voluntarily and as private individuals entered upon the land and built the way.

It is unnecessary in this case to determine whether the laying out was legal, or, if not legal, whether the plaintiff waived any defects in the laying out by joining in and signing the appeal from the award of damages, for we think the alleged justification cannot be sustained even if the laying out was legal in all respects.

When a town way is legally laid out the town is authorized by statute to cause the way to be opened and made suitable for travel, but no private individual is authorized by statute to do so. In the building of the way the rights of the individual proprietor of the land over which the way is laid out are still to be regarded and not unnecessarily invaded. It is we think the right of the land owner to have the way constructed by some person entrusted with that duty under authority of the town, and not by private individuals acting in their own discretion. The statutory laying out of a town way therefore affords no legal justification for the acts of a private individual in building a road over the way unless at least he was acting as a highway surveyor or road commissioner, or was in some way authorized and directed by the town to build it. *Small* v. *Pennell,* 31 Maine, 267; *Hunt* v. *Rich,* 38 Maine, 195; *Ruggles* v. *Lesure,* 24 Pick., 187, 189.

It clearly appears that the defendants did the acts complained of without authority of any vote of the town, or direction of the selectmen, highway surveyor or road commissioner. They acted in their own discretion as private individuals and without permission of the plaintiff express or implied, for it appears that the entrances to the way were closed by obstructions which had been placed there and notices were posted, presumably forbidding persons from entering thereon.

It follows, therefore, as the necessary conclusion of the court that the acts complained of were committed without legal justification and that the defendants are liable therefor in this action of trespass.

It remains to determine the amount of the damages. The way was laid out around a hill for a distance of about fifty rods over cleared land. The defendants built an ordinary road about fifteen feet wide over the way as laid out, and the plaintiff says it was "mostly clear loam that they went through." Some few bushes were removed, but no trees were cut down. The work was done in one day—on Friday, and the following Monday the plaintiff plowed and harrowed the way, in part at least, and planted it in connection with the cultivation of the adjoining land. The actual damages sustained by the plaintiff on account of the defendants' acts were comparatively small.

We do not think the facts and circumstances of this case require that any punitive damages should be awarded. It is the opinion of the court that the entry should be,

> *Judgment for the plaintiff*
> *for ten dollars and costs.*