The complainants are the owners of premises adjoining those of the defendants and which are subject to an easement of way granted to the predecessors in title of the defendant in the following terms:
"The said Antoni Kalinski is to have the right for himself, his heirs and assigns, to use a nine-foot strip in common with the parties of the first part, their heirs and assigns, at the rear end of the lot to the east owned by the parties of the first part, giving a passageway to and from Hutchinson Place."
The defendants, without the consent of the complainants, began the construction of a concrete pavement over said right of way, whereupon complainants filed this bill for an injunction. The cause is submitted on the pleadings and an agreed state of facts. It does not appear that any necessity *Page 148 
exists for the proposed improvement. It may be that a concrete pavement will make the use of the way more convenient for both parties, but the complainants are the owners of the fee and cannot be compelled to submit to the so-called improvement even though it confers a benefit on their property. Merritt v.Parker, 1 N.J. Law 460; Jaqui v. Johnson, 27 N.J. Eq. 526;Johnston v. Hyde, 33 N.J. Eq. 632. The grant is of a way to be used "in common" and since it is to be enjoyed mutually it should not be unnecessarily altered without mutual consent. A case exactly in point is Littlefield v. Hubbard, 120 Me. 226;113 Atl. Rep. 304, where the supreme court of Maine held under similar circumstances that "whatever the defendant's right of passage over the way, * * * she had no right to build a concrete walk or otherwise disturb the soil upon the fee of the plaintiff."
I will advise a decree in accordance with the prayer of the bill of complaint.