JOHN F. SCHUFFELS & others[1] vs. JOHN E. BELL & others.[2]

Worcester.  October 8, 1985. — November 1, 1985.

Present: GRANT, KAPLAN, & DREBEN, JJ.

*Way,* Public: discontinuance. *Real Property,* Easement. *Adverse Possession and Prescription.*

In an action by plaintiffs seeking an injunction to prevent the defendants from interfering with their use of a certain road, evidence warranted the judge's conclusion that, if the road had once been a public way, it was discontinued by votes of town meetings in 1867 and 1962. [77]

Clauses in two town meeting votes to discontinue use of a certain road as a public way, which provided, respectively, that the discontinuance was "without prejudice to the rights of the town in the soil," and "without prejudice to the rights of the Town of Lancaster to the fee thereof," did not establish the town's ownership of the land constituting the road, where the road lay within the bounds described in deeds to the property of certain landowners. [78]

In an action by plaintiffs seeking an injunction to prevent the defendants from interfering with their use of a certain road, evidence warranted the judge's finding that past owners of the property in question had long made continuous and uninterrupted adverse use of the relevant parts of the road, with the result that the plaintiffs had prescriptive rights of way over it. [78]

CIVIL ACTION commenced in the Land Court Department on October 8, 1981.

The case was heard by *William I. Randall,* J.

The case was submitted on briefs.

*Elliott L. Zide* for Leo A. Favreau & another.

*Edward W. McIntyre* for the plaintiffs.

---

[1] Joan D. Schuffels; Samuel L. Shanberg; Nathan Schwartz; Charles and Marion Bobeck; Wesley W. and Lilly A. Turner; William Kilbourn.

[2] Lauren Gail Bell; Thomas J. O'Gorman; Leo A. and Mary J. Favreau; Anthony J., Jr., and Robin M. Cetrone.

KAPLAN, J. In stating the facts, we avoid details. The opinion of the Land Court, with which we agree in substance, has a fuller and more graphic statement.

"Old County Road" in the town of Lancaster, Worcester County, commences at its junction with route 117 (North Main Street) and runs south to Langen Road. We are interested in the northerly part of this venerable road, which starts with a clear stretch, deteriorates rapidly because of overgrowth and wetness, and finally becomes impassable except to a rugged pedestrian in high boots or possibly to a vehicle with a powerful four-wheel drive.

The plaintiffs and defendants own properties along the road. The defendants, owners of the lots near route 117, claimed the right to bar the plaintiffs, owners of lots further south, from using the road, thus embarrassing them in reaching their properties. To test the right, the defendants Favreau erected a wooden gate reaching across the road which at this point evidently lies within the bounds of their property. The plaintiffs or some of them removed the gate, whereupon the defendants replaced it with piles of sand and gravel. Hence the present action in the Land Court to secure a declaration and injunctive relief. Upon the plaintiffs' application, a judge of that court on December 30, 1981, granted a temporary injunction ordering the defendants to remove the barriers and prohibiting them from interfering with the plaintiffs' use of the road on Saturdays and Sundays (the plaintiffs' lots are undeveloped and they visit them infrequently). After hearing evidence and taking a view, the then judge of the Land Court granted final relief in favor of the plaintiffs as described below. We affirm the judgment.

1. The judge rejected the proposition that Old County Road was a public way. If it had once been such by laying out or dedication, see *Fenn* v. *Middleborough,* 7 Mass. App. Ct. 80, 83 (1979), it was discontinued — so the judge properly found — by votes of town meetings in 1867 and 1962. See G. L. c. 82, § 32A; *W.D. Cowls Inc.* v. *Woicekoski,* 7 Mass. App. Ct. 18 (1979).

2. Also rejected was the contention that the plaintiffs (or others) could claim a right to traverse the land constituting Old

County Road because the town owned it. In this connection, the judge ruled, correctly, that ownership was not proved by the clauses in the votes of 1867 and 1962 that the discontinuance was "without prejudice to the rights of the town in the soil" and "without prejudice to the rights of the Town of Lancaster to the fee thereof." See *Boston* v. *Richardson,* 13 Allen 146, 159 (1866); *Coakley* v. *Boston & Me. R.R.,* 159 Mass. 32 (1893). Title to the "soil," to use the 1867 expression, was in fact in the plaintiffs and defendants: as the judge pointed out, even though the parties had stipulated that none of the plaintiffs claimed title to any part of Old County Road, "from the very nature of their deeds [p]laintiffs and defendants do have such title" — the road lies within the bounds described in those deeds.

3. The judge went on, however, to find that past owners of the lots had long made continuous and uninterrupted adverse use of the relevant parts of Old County Road, with the result that the plaintiffs have prescriptive rights of way over it. See *Labounty* v. *Vickers,* 352 Mass. 337, 349 (1967). True, the plaintiffs' use of the road in more recent years was sporadic, but the question was not whether that use would be sufficient in itself to give them a prescriptive easement, cf. *Uliasz* v. *Gillette,* 357 Mass. 96, 101-102 (1970); the prescription arose much earlier, and there has not been an abandonment. 2 American Law of Property §§ 8.96-8.97 (Casner ed. 1952).

4. Only the defendants Favreau have appealed. Besides attacking the judgment on the merits, they argue that certain of the plaintiffs are not entitled to its benefits because they did not show specifically that they have used the road. This harks back to the erroneous idea that the plaintiffs must establish that their own use was enough to give rise to a prescription.

5. The Favreaus protest that the judgment is not specific. It adjudged that the plaintiffs "have a prescriptive right of way over Old County Road for ingress and egress" and permanently enjoined the defendants "from blocking Old County Road." If, in actual practice, genuine doubt should arise about what the judgment connotes under current conditions, cf. *Glenn* v. *Poole,* 12 Mass. App. Ct. 292 (1981), then any of the parties

Schuffels *v.* Bell.

may apply for clarification. See Restatement (Second) of Judgments § 73 comment b (1980).

*Judgment affirmed.*