## CIRCUIT COURT OF FAIRFAX COUNTY

Dane et al.

v.

Schwan

February 17, 1989

Case No. (Chancery) 108717

By JUDGE RICHARD J. JAMBORSKY

This matter is before the Court on Petitioners' Motion for the Entry of a Permanent Injunction preventing the Defendant, acting in his individual capacity as a lot owner, from applying "tar and chip" paving to the roads in the Southdown neighborhood. Whether he should be enjoined from acting in his capacity as an officer of the Southdown Road Maintenance Fund, Inc., is not now before the Court. It is possible that he could so act were he properly authorized by the Southdown lot owners. For the reasons set forth below, the permanent injunction is granted.

The parties have presented the key issue in this case in terms of a dominant estate holder's right to repair or make material alterations to an easement. Both parties agree on the general rule; *i.e.*, the right to make a particular alteration depends on whether the alteration is so substantial as to result in the creation and substitution of a different servitude from that which previously existed. *See Vance v. Davis*, 195 Va. 730, 80 S.E.2d 396 (1954). The parties disagree whether tar and chip paving creates a greater burden on the servient estate.

No Virginia cases have addressed the paving of easements specifically, but other jurisdictions which have addressed paving are split as to the burden it creates, some allowing it and others not. *See, e.g., Stagman v.*

*Kyhos*, 19 Mass. App. 590, 476 N.E.2d 257 (1985); *Schmutzer v. Smith*, 679 S.W.2d 453 (Tenn. App. 1984); *Hotchkiss v. Young*, 42 Ore. 446, 71 P. 324 (1903); *Brown v. Stone*, 10 Gray (Mass.) 61 (1857) (all allowing paving of rights of way); but *Cf. Brock v. B & M Moster Farms, Inc.*, 481 N.E.2d 1106 (Ind. App. 1985); *Davis v. Bruk*, 411 A.2d 660 (Maine 1980); *Lorence v. Swiderski*, 109 N.J. 147, 156 A. 465 (1931); *Littlefield v. Hubbard*, 210 Me. 226, 113 A. 304 (1921) (preventing such paving as too intrusive.)

This Court views the circumstances in the Southdown neighborhood as those which do not fall under the ordinary circumstances addressed in cases dealing with alterations of easements. Here, every lot owner qualifies as a dominant estate holder holding an easement over all the roads. The issue comes down then to competing interests of dominant tenants. The Court cannot allow one lot owner to pave all of the roads in which all other property owners have an equal interest. To do so would supersede the rights of a majority of dominant tenants who may oppose such paving. (This is not to say that a majority of lot owners could not properly authorize "tar and chip" paving.)

Although Defendant argues he should be allowed to pave areas on his own property and on the property of those owners consenting to the paving, this Court disagrees. The areas subject to paving are ones in which all lot owners have equal rights. The duty not to make alterations which would injure or otherwise affect the rights of co-owners must apply equally to dominant and servient tenants.

Both parties have convincing arguments as to the advantages and disadvantages of tar and chip paving.

A large and significant number of lot owners, if not a majority, are emphatic in their belief that tar and chip paving will substantially change the character of their neighborhood, lead to undesirable development and work injury to their horses.

Defendant and the lot owners in support of him believe that the existing gravel roads constitute a health hazard. They proffered evidence to this effect. Plaintiffs have rebuttal evidence on this point.

It is not necessary for this Court to decide the desirability of gravel roads as opposed to tar and chip roads. The Southdown lot owners have an organization, precedent and procedures (as imperfect and creaky as they

may be) whereby a majority of lot owners can meet and determine the issue. A number of lot owners appeared and testified at the *ore tenus* hearing. They are obviously well informed on the issue, intelligent, and articulate. They can decide the issue for themselves.

There is not necessarily a legal answer for every question in our society; and so it is on the issue of whether the roads at Southdown should be gravel or tar and chip. No further evidentiary hearings are necessary.

Mr. Saul will please prepare a draft order permanently enjoining the defendant from applying tar and chip to the Southdown roads in his individual capacity as a lot owner, and submit the draft to Mr. Hoffman for approval as to form.