Virginia S. LAMB, et al.

v.

EUCLID AMBLER ASSOCIATES, et al.

Supreme Judicial Court of Maine.

Argued Nov. 4, 1988.
Decided July 27, 1989.

James G. Goggin, William P. Shumaker (orally), Verrill & Dana, Portland, for plaintiffs.

David T. McLoon, Law Offices of Elizabeth Hoglund, Thomas Hallet (orally), Portland, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD, HORNBY and COLLINS, JJ.

CLIFFORD, Justice.

The plaintiffs, Virginia S. Lamb and David and Maryella Rawnsley, appeal from a judgment of the Superior Court (Cumberland County; *Fritzsche, J.*) in favor of defendants, Euclid Ambler Associates and Peter and Annette Hoglund,[1] in an action alleging trespass and seeking monetary and injunctive relief.

Lamb and the Rawnsleys own property on opposite sides of Harris Road in Cum-

---

1. Peter and Annette Hoglund, at the time of the filing of the complaint and answer, were the owners of land on the Harris Road in Cumber-

land on which Euclid Ambler, which held an option to purchase, was constructing a home.

berland. Their properties mark the end of the paved portion of that road. Defendants Hoglund own an eighty acre parcel of land beyond the properties of plaintiffs on an unpaved portion of Harris Road. This dispute arose out of the efforts of defendants to develop that land. In 1987, Euclid Ambler began to construct a single family residence on the Hoglund land. To ensure the access of heavy equipment to the construction site, defendants, without notice to the plaintiffs, removed trees on Harris Road, including trees in the portion of the road between the properties of plaintiffs, and upgraded the portion of Harris Road from the end of the paved portion to their property. The work on the road included removing boulders and grading.

Plaintiffs sought to enjoin defendants from trespassing over that portion of Harris Road abutting their land and to recover damages under 14 M.R.S.A. § 7552 (Supp. 1988) for trespass, the cutting of timber and the movement of earth on plaintiffs' property.

The Superior Court, after a three-day nonjury trial,[2] found that Harris Road had not been abandoned, that plaintiffs had failed to establish ownership to the center line of Harris Road, that defendants did not commit trespass on plaintiffs' property, and that defendants did not exceed their easement rights by their improvements to Harris Road. The court also found that plaintiffs had presented inadequate evidence to prove damages.[3]

We conclude that the court improperly placed upon plaintiffs the burden of proving the inapplicability of exceptions to the general rule that the owners of land abutting a roadway own the fee to the center of the roadway, and that the court erred in its determination that the defendants were authorized to cut a substantial number of trees and upgrade the unpaved portion of Harris Road, a public way. We vacate the judgment and remand for the court to consider, in its discretion, injunctive relief.

## I.

■ Plaintiffs' first contention is that the court committed error in finding that Harris Road, which had been accepted as a town way in 1830, had not been abandoned[4] under 23 M.R.S.A. § 3028 (Supp. 1988).[5] That statute provides, in pertinent part:

It shall be prima facie evidence that a town or county way established prior to January 1, 1946, and not kept passable for the use of motor vehicles at the expense of the municipality or county for a period of 30 or more consecutive years next prior to January 1, 1976, has been discontinued by abandonment. A presumption of abandonment may be rebutted by evidence that manifests a clear intent by the municipality or county and the public to consider or use the way as if it were a public way.... A presumption of abandonment is not rebutted by evidence which shows isolated acts of maintenance, unless other evidence exists which shows a clear intent by the municipality or county to consider or use the way as if it were a public way.[6]

The court found that Harris Road had been kept passable for the use of motor vehicles at the expense of the municipality through the 1950's, and that the presump-

2. The hearing on the motion for preliminary injunction was consolidated with the trial on the merits. *See* M.R.Civ.P. 65(b)(2).

3. The court found for the defendants on the other claims of plaintiffs and found for the plaintiffs on defendants' counterclaim. On appeal, the parties do not challenge those findings.

4. The Superior Court noted that at the time of trial there was pending in the Superior Court, Cumberland County, a separate declaratory judgment action brought by Euclid Ambler against the Town of Cumberland seeking a declaration that Harris Road had not been aban-

doned and that, in any event, Harris Road was subject to a public easement.

5. The road had not been discontinued under 23 M.R.S.A. § 3026 (Supp.1988), nor abandoned under the common law. *See Smith v. Dickson,* 225 A.2d 631, 635 (Me.1967).

6. The legislature recently eliminated the requirements that the way be established prior to 1946 and that the thirty consecutive years of impassibility occur prior to 1976 in order for the presumption of abandonment to apply. *See* P.L. 1989, ch. 395 (effective Sept. 30, 1989).

tion of abandonment under section 3028 did not arise. The court received testimony that the road was graded on an annual basis and plowed, although irregularly, during the winter months into the 1960's, and that these efforts were paid for by the town. The court found the road to have been minimally passable during much of the thirty-year period prior to 1976.

Plaintiffs, as the appellants, had the burden to provide an adequate record on appeal. *State v. Meyer*, 423 A.2d 955, 956 (Me.1980). The record in this case did not include a transcript of the trial proceedings. We must assume that there was sufficient evidence in the record to support the court's findings. *Baker v. Baker*, 444 A.2d 982, 984 (Me.1982). Under section 3028, in order for the presumption of abandonment to arise, plaintiffs had the burden of presenting evidence that at no time during the thirty-year period prior to 1976 had Harris Road been kept passable for motor vehicles at town expense. In the absence of a transcript, we cannot say that the court was compelled to find that at no time was Harris Road kept passable for thirty years, *Town of Eustis v. Stratton–Eustis Dev. Corp.*, 516 A.2d 951, 953 (Me.1986), and we find no error in the court's conclusion that the road was not abandoned.[7]

## II.

█ Plaintiffs were seeking to establish that defendants trespassed upon their property and that the acts of trespass entitled plaintiffs to injunctive and monetary relief. To establish at trial their title to Harris Road, on which they alleged the trespass occurred, plaintiffs introduced in evidence the deeds to their properties. The deeds describe their respective properties as abutting Harris Road.[8] No other evidence as to fee title in the road was offered by any party.

The court recognized that plaintiffs are owners of land abutting Harris Road and that under 33 M.R.S.A. § 465 they would be deemed to be the owners to the center line of the road. Nevertheless, the court concluded that because plaintiffs had not proven the inapplicability of the exceptions referred to in section 465 and set out in subchapter VII of 33 M.R.S.A., they failed in their burden to establish title to the fee underlying the Harris Road. From this the court further concluded that no trespass upon plaintiffs' land had been shown.

Under the common law, at least presumptively, the owner of land abutting a public way owned the fee under the way. "[T]he common law rule is that the public acquires only an easement in land taken for the establishment of the highway except as the rule has been changed by statute in some states." *City of Rockland v. Johnson*, 267 A.2d 382, 384 (Me.1970); *Brooks v. Bess*, 135 Me. 290, 291–92, 195 A. 361 (1937). Subchapter VII of 33 M.R.S.A. codifies the common law rule. 33 M.R.S.A. § 465 provides as follows:

§ 465 *Abuttors own to centerline of road or way*

Any person owning land in this state abutting a town or private way, county road or highway, whose predecessors in title have not reserved any title in such road or way as provided in sections 460 and 461, or filed the notice provided in section 462 within the time specified therein, shall be deemed to own to the centerline of such road or way except as provided in sections 466 to 469.

Under this section, unless one of the referred to exceptions applies, parties showing ownership of properties abutting a roadway are deemed to have ownership to the center of the road. Under subchapter VII of 33 M.R.S.A., the ownership established under section 465 may be rebutted by a showing that a prior grantor did not intend to convey the fee interest in the road (sections 460, 461), or that a prior grantor

---

7. Because we uphold the court's finding that, at least as to these parties, Harris Road had not been abandoned we do not reach the issue of whether the road would be subject to an easement in the public after abandonment. *See* 23 M.R.S.A. §§ 3026, 3028 (Supp.1988).

8. Plaintiff Lamb owns about sixteen hundred feet along the Harris Road. Plaintiffs Rawnsley own about seventeen hundred feet along the Harris Road.

preserved his or her interest in the fee of the road by filing a notice in the registry of deeds (sections 462, 463), or that the fee of the road is owned by the governmental entity (section 466), or that the public easement has been acquired over opposite sides of the road in unequal portions (section 467).

Despite the provisions in section 469, that subchapter VII be liberally construed to effect the legislative purpose of clarifying title to land underlying roads and to eliminate the possibility of ancient claims, the court improperly placed upon plaintiffs the burden of proving the inapplicability of sections 460, 461, 462, 466 and 467. Under the statute, as at common law, the burden of showing that the abutting owner of a roadway does not own to the center line of the road properly belonged to the defendants.

■ By their deeds showing ownership abutting Harris Road, plaintiffs established, at least presumptively, their title to the center of the road under 33 M.R.S.A. § 465. Because defendants presented no contrary evidence, the court erred in concluding that plaintiffs' claim of trespass failed because of lack of title in Harris Road.

### III.

No party disputes findings of the Superior Court that defendants, without plaintiffs' permission, "removed a substantial number of trees and proceeded to upgrade that portion of Harris Road from the end of the currently paved portion to" defendants' property. Despite those findings, the court concluded that defendants did not exceed the scope of their easement rights in Harris Road.

■ Defendants, as members of the public, had a right of easement over Harris Road, determined by the court not to be an abandoned road. In deciding whether defendants exceeded their easement rights, the court was aware of the tension between the easement holders' right to take steps reasonably necessary to properly insure the passage over the land subject to the easement, see Beckwith v. Rossi, 157 Me. 532, 535, 175 A.2d 732 (1961), and the right of the owner of land subject to the easement to be protected from major disturbances of the soil, such as the cutting of trees. See Davis v. Bruk, 411 A.2d 660, 666 (Me.1980); Littlefield v. Hubbard, 120 Me. 226, 230, 113 A. 304 (1921); Hunt v. Rich, 38 Me. 195, 199 (1854). We need not decide whether it was clear error for the trial court to find that the removal of trees and boulders, and the grading was reasonable and necessary to insure the passage of bulldozers and other modern construction equipment and thus were within the defendants' public easement rights. At least for the purposes of this case, Harris Road is more than property subject to an easement. It is a town road, and private individuals have no authority to make major repairs on such a road. Harris v. Larrabee, 109 Me. 373, 375, 84 A. 641 (1912); Hunt, 38 Me. at 199. The rule prohibiting the upgrading of public roads by persons without authority is long established and we see no reason to discard it. "It is we think the right of the abutting land owner to have the way constructed by some person entrusted with the duty under authority of the town, and not by private individuals acting on their own discretion." Larrabee, 109 Me. at 375, 84 A. 641. In order that unnecessary clashes between the interests of private residents and public convenience do not occur, decisions as to the condition of a public highway are best left to the public body charged with its upkeep. Hunt, 38 Me. at 199.

Defendants had no right unilaterally to make substantial improvements in a town road and the court erred in concluding that their cutting of a substantial number of trees and upgrading Harris Road was within their right of easement.

### IV.

■ The Superior Court found that plaintiffs were not entitled to recover damages under 14 M.R.S.A. § 7552 (Supp.1988) for the cutting and removal of trees. In that determination, we find no error.

Plaintiffs presented no evidence based on the difference in value of their real estate before and after the cutting, or the value of the trees taken as personal property. *See Nyzio v. Vaillancourt,* 382 A.2d 856, 861 (Me.1978). The only evidence of damages presented was an estimate of the cost of replacing the trees cut on Harris Road. We have recently stated that in an appropriate circumstance, damages may include the cost of restoration that has been or may reasonably be incurred. *Leavitt v. Continental Tel. Co. of Maine,* 559 A.2d 786, 787–88 (Me.1989). Consideration of such damages, however, is limited to situations where replacement costs for the cost of restoring trees are feasible and reasonable. *Id.* Here, the plaintiffs seek recovery for the cost of restoring trees not on their unencumbered private property, but on Harris Road, a town way. Plaintiffs cannot recover damages based on the cost of replacing trees they have no right to replace. Because replacement of trees in a roadway would not be feasible or reasonable, *id.,* and in the absence of other evidence of damages, the court committed no error in determining that damages for trespass were not adequately proved.

Because the court found no title in plaintiffs and no trespass on the part of defendants, it did not consider the injunctive relief requested by plaintiffs. We vacate the judgment and remand for the court to consider, in its discretion, the issuance of an injunction against defendants to prevent them from making further changes to Harris Road.

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.