BRUCE K. ANDERSON & another[1] *vs.* JOHN M. HEALY
& another.[2]

No. 92-P-667.

Plymouth. October 21, 1993. - February 28, 1994.

Present: BROWN, SMITH, & GREENBERG, JJ.

*Real Property*, Easement, Trespass. *Trespass. Way*, Public: subdivision
control; establishment. *Subdivision Control*, Access ways.

In an action to determine the parties' rights in an access easement travers-
ing the plaintiffs' land this court concluded that the defendant landown-
ers, who sought to enter from their land onto a public way, were enti-
tled as members of the public to the benefit of the easement, which the
town had taken by eminent domain; however, where the defendants had
exceeded their easement rights by constructing a paved driveway over
the land subject to the easement, the paved portion of the driveway was
to be removed. [133-136]

CIVIL ACTION commenced in the Superior Court Depart-
ment on June 24, 1987.

The case was heard by *Cortland A. Mathers*, J., on a
statement of agreed facts.

*John H. Wyman* for the defendants.
*Robert E. Greenglass* for the plaintiffs.

GREENBERG, J. The case was decided on a "Statement of
Agreed Facts," incorporating various exhibits from which we
sketch this summary. Over thirty years ago, the town of
Plymouth laid out, in accordance with a vote of the town
meeting, a public way known as Cushing Drive. An Order of
Taking was issued on April 18, 1962, and was recorded in
the Plymouth registry of deeds. An easement was taken in
the land over which Cushing Drive was to pass. The property
is best described by the accompanying sketch.

---

[1] Irene M. Anderson.
[2] Jane N. Healy.

Anderson *v.* Healy.

## SKETCH

DEFENDANTS'
LOT

PLAINTIFFS'
LOT

CUSHING DRIVE

MANOMET   POINT   ROAD

As laid out, Cushing Drive extends in the form of a strip, forty feet in width westerly from Manomet Point Road, some 686 feet along the northern sideline and 681 feet along the southern sideline,[3] and terminates in a cul-de-sac with an arc radius of sixty feet. As actually improved by the town, Cushing Drive extends westerly twenty-two feet in width from Manomet Point Road, for a distance of 550 feet. A portion of the cul-de-sac has been improved, but not to the limits of the layout.

The plaintiffs' lot is located at the end of Cushing Drive, on the north side of the road. A portion of the cul-de-sac overlays their property, including part of the unimproved section. The southern boundary of the defendants' lot is shared for about 200 feet with the plaintiffs' northern boundary. Part of the common boundary of both parcels runs along the northerly edge of the cul-de-sac of Cushing Drive. It works out that the defendants' parcel abuts the cul-de-sac.

To gain access to the defendants' property from Cushing Drive, one must traverse that unimproved portion of the cul-de-sac which overlays the plaintiffs' parcel.[4] In conjunction with the construction of a house on their property, the defendants bulldozed a path across the cul-de-sac (over the plaintiffs' parcel) and paved a driveway.

The plaintiffs responded with a trespass action filed in the Superior Court seeking both to enjoin the defendants from using their driveway, and damages. By a counterclaim the defendants sought a declaration of their entitlement to traverse the unimproved portion of the cul-de-sac and asked for an injunction to prevent the plaintiffs from interfering with their use of the driveway. The declaratory judgment aspect of the plaintiffs' case was bifurcated from the plaintiffs' claim for damages. After a bench trial, a Superior Court

---

[3]The Statement of Agreed Facts, and the findings of the judge indicate that Cushing Drive as laid out, measured to the end of the cul-de-sac, extends westerly from Manomet Point Road only 550 feet. The maps indicate, however, that the layout extends as indicated above.

[4]The defendants' parcel is accessible from Manomet Point Road by virtue of the "rat tail" or "pork chop" configuration of the parcel. See *Gifford* v. *Planning Bd. of Nantucket*, 376 Mass. 801, 805-806 (1978).

judge ruled that the plaintiffs retained the fee interest in the property subject to the easement taken for the public way, and that the driveway was improperly built on the unimproved section of the cul-de-sac. A second judge issued an order permanently enjoining the defendants from entering the land of the plaintiffs, including that portion which was subject to the easement. From these judgments, the defendants appeal.

In his analysis of the problem, the first judge focused on whether the plaintiffs retained a fee interest in the property burdened by the easement. The judge determined that the plaintiffs, by virtue of paying taxes on the parcel, rebutted the presumption that the fee to the property was relinquished by virtue of the taking. See *Smith* v. *Hadad*, 366 Mass. 106, 108 (1974). As a result, he ruled that the plaintiffs retained a fee ownership and could maintain an action in trespass against the defendants. Proceeding from that premise he concluded that the defendants' driveway was improperly built on the plaintiffs' property. That may well be true, but it nonetheless begs the question.

What the judge failed to take into account is that while the defendants had no right to construct a driveway, they were entitled to the benefit of the access easement granted to the public by the town's taking. The taking of private property by eminent domain for a public purpose established that right. Use of the easement by the defendants to get to their parcel does not constitute trespass. *Anzalone* v. *Metropolitan Dist. Commn.*, 257 Mass. 32, 36 (1926). The second judge was mistaken when he enjoined the defendants, members of the public, from the use of a public way. See *id.* at 37-38.

The defendants "cannot be prevented from entering from [their] land upon a way which the public has a right to use." *Ibid.* "Access to a public way is one of the incidents of ownership of land bounding thereon and this right is appurtenant to the land *and exists when the fee of the way is in the municipality as well as when it is in private ownership*" (emphasis supplied). *Id.* at 36.

The only relevant question is whether the defendants, by constructing a driveway, exceeded their easement rights. Compare *Revere* v. *Noonan,* 331 Mass. 49 (1954). Such an inquiry must consider "the tension between the easement holders' right to take steps reasonably necessary to properly insure the passage over the land subject to the easement, and the right of the owner of land subject to the easement to be protected from major disturbances of the soil." *Lamb* v. *Euclid Ambler Assocs.,* 563 A.2d 365, 368 (Me. 1989).

As a general rule, private individuals have no authority to make major repairs on a town road. Cf. *Perry* v. *Planning Bd. of Nantucket,* 15 Mass. App. Ct. 144, 157-159 (1983). See *Lamb* v. *Euclid Ambler Assocs., supra* at 368. The reason for the rule is "that unnecessary clashes between the interests of private residents and public convenience [should] not occur, [and] decisions as to the condition of a public highway are best left to the public body charged with its upkeep." *Ibid.* Cf. *Metcalf* v. *Mayor & City Council of Boston,* 158 Mass. 284, 285 (1893). "[M]unicipal authorities have the obligation to maintain such ways [and] there is already public control as to how perceived deficiencies, if any, in such public ways are to be corrected." *Sturdy* v. *Planning Bd. of Hingham,* 32 Mass. App. Ct. 72, 76 (1992). The defendants had no right unilaterally to make substantial improvements in a public way.[5] See *Lamb* v. *Euclid Ambler Assocs., supra.*

We conclude that it was improper for the defendants to construct a driveway, and that the paved portion of the driveway should be removed. Nevertheless, as members of the public, and as landowners abutting a public way, the defendants have a right to traverse the unimproved portion of the cul-de-sac for such purposes as are "reasonably necessary

---

[5]The defendants, "of course, [could] petition to have paper or otherwise inadequate public ways constructed or upgraded. Responsibility for construction rests with the town." *Perry* v. *Planning Bd. of Nantucket,* 15 Mass. App. Ct. 144, 157 (1983) (construing G. L. c. 82, § 8). The town, however, would be free to contract with the defendants to do the work. *Ibid.*

and convenient" for access to their property.[6] See *Western Mass. Elec. Co.* v. *Sambo's, Inc.*, 8 Mass. App. Ct. 815, 824 (1979).

The judgments are vacated, and the matter is remanded to the Superior Court for proceedings consistent with this opinion.

*So ordered.*

---

[6]The right to cross will be retained by the defendants at least until, and unless the cul-de-sac is abandoned or discontinued by the town of Plymouth, which can be done pursuant to G. L. c. 82, §§ 12, 21 & 32A. See *Mahan* v. *Rockport*, 287 Mass. 34, 37 (1934); *Coombs* v. *Selectmen of Deerfield*, 26 Mass. App. Ct. 379 (1988). The defendants may, even after abandonment by the town, retain a right to cross the cul-de-sac. See *Schuffels* v. *Bell*, 21 Mass. App. Ct. 76 (1985).