STATE OF MAINE                                  SUPERIOR COURT
CUMBERLAND, SS.                                 CIVIL ACTION
                                                DOCKET NO. CUMSC-AP-15-008

JEAN THANEX LOUIS                    )
                                     )
        Plaintiff-Appellant,         )
                                     )
    v.                               )          ORDER ON PLAINTIFF-APPELLANT'S
                                     )          SMALL CLAIMS APPEAL
CITIZENS BANK                        )
                                     )
        Defendant-Appellee.          )


Before the Court is Plaintiff-Appellant Jean Thanex Louis's appeal from a small claims

judgment entered in the Portland District Court in favor of Defendant-Appellee Citizens Bank,

Docket No. PORDC-SC-14-874. A hearing on the appeal was held on January 8, 2016. Based

on the following, Plaintiff-Appellant Louis's appeal is denied and the small claims judgment is

affirmed.

I.      **Background**

Plaintiff-Appellant Jean Thanex Louis filed a small claims action with the Portland

District Court on October 31, 2014. (Statement of Claim 1.) Louis claimed that, in February

2012, Defendant-Appellee Citizens Bank impermissibly cashed a tax refund check in the amount

of $4,457.00 that was made out to Simone MaCary and Jean T. Louis. (*Id.*; Pl. Ex. 1.) The

check appeared to be endorsed by both Simone MaCary and Louis. (Pl. Ex. 1.) Louis asserts

that he did not endorse the check and did not authorize it to be deposited or cashed. (Appellant

Br. 1.) Louis claimed that, as a result of Citizens Bank cashing the check, he has "been paying

[the] IRS every year." (Statement of Claim 1.) Louis sought $6000.00 in damages, which

included expenses, interest, and court fees. (*Id.*)

STATE OF MAINE
Cumberland, ss, Clerk's Office

JAN 14 2016

RECEIVED

A hearing was held before the Portland District Court on March 12, 2015. (Notice of J. 1.) Following the hearing, Citizens Bank's counsel delivered a letter to District Court clarifying the citation for statutes that counsel had discussed during the hearing. (3/12/15 Letter. 1.) Copies of the letter were sent to Louis. (*Id.*) The following day, March 13, 2015, the District Court entered judgment in favor of Citizens Bank. (Notice of J. 1.)

On March 24, 2015, Louis filed his notice of appeal and a letter objecting to the Citizens Bank's letter to the District Court. (Notice of Appeal 1; 3/24/15 Letter 1.) The court extended time for Louis to file his appellant brief until June 1, 2015. (5/20/15 Order 1.) On May 29, 2015, Louis filed a one-page brief. (Appellant Br. 1.) Citizen's Bank filed its brief on June 24, 2015. (Appellee Br. 1.)

## II.    Standard of Review

Any aggrieved party may appeal a small claims judgment entered by the District Court to the Superior Court. M.R.S.C.P. 11(a). An appeal by a plaintiff shall be on questions of law only and shall be determined by the Superior Court without a jury based on the record on appeal. M.R.S.C.P. 11(d)(1). On appeal, the Superior Court will affirm a small claims judgment entered by the District Court unless the judgment was "arbitrary, capricious or unreasonable" based on the evidence in the record on appeal presented as a whole. *Manzo v. Reynolds*, 477 A.2d 732, 733 (Me. 1984).

The record on appeal shall consist of the original papers and exhibits filed in the District Court, a certified copy of the docket, and a transcript of the hearing before the District Court. M.R. Civ. P. 76F(a). The appellant has the burden of providing an adequate record for the appeal. *Sullivan v. Zimmerman*, 2013 Me. Super. LEXIS 286, at *2 (Nov. 7, 2013) (citing *Lamb v. Euclid Ambler Assoc.*, 563 A.2d 365, 367 (Me. 1989)). If the appellant wishes to include all or

2

part of a transcript of the District Court proceeding in the record on appeal, the appellant must file a transcript order form with the notice of appeal. M.R. Civ. P 76H(e)(3)(B)(i). If for reasons beyond the appellant's control, a recording or transcript of the District Court proceeding is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best means available, including the appellant's own recollection. M.R. Civ. P. 76F(c).

If an appellant fails to furnish the Superior Court with a transcript of the District Court proceeding or other evidence in lieu of a transcript, the Superior Court is without a basis for reviewing the small claims judgment. *Manzo*, 477 A.2d at 734. When the Superior Court is without a sufficient record to permit fair consideration of the issues, the court must deny the appeal. *Id.*

## III. Analysis

In his appellant brief, Louis presents the following arguments in support of his appeal: (1) that Citizens Bank violated its own policies by cashing a check made out to two individuals without authorization and confirmation that all parties have legally agreed to cash the check; (2) that Citizens Bank violated Louis's privacy rights and allowed the other individual on listed on the check to commit fraud; (3) that Citizens Bank violated the Uniform Commercial Code by accepting the check without both parties signatures;[1] (4) that Citizens Bank violated federal law by failing to "obtain, verify, and record information that identifies each customer;"[2] and (5) that the District Court's decision was "unconsidered because the court accepted evidences from the defendant after the trial." (Appellant Br. 1.)

---

[1] Louis does not identify which provisions of the Maine Uniform Commercial Code Citizens Bank has allegedly violated. (Appellant Br. 1.)

[2] Louis also does not identify what federal law Citizens Bank has allegedly violated. (Appellant Br. 1.)

3

## A.     Absence of a Transcript

Louis's first four arguments appear to raise questions of fact, not questions of law. However, to the extent that these arguments may raise questions of law, this court is without sufficient record to conduct a meaningful review of those questions on appeal. The record on appeal before this court consists of the District Court docket, five exhibits submitted by Louis during the small claims proceeding, one exhibit submitted by Citizens Bank during the small claims proceeding, and all of the original papers filed with the District Court. The record on appeal does not contain a transcript of the small claims proceeding before the District Court or a statement of the evidence or proceeding in lieu of the transcript.

The notice of judgment entered by the District Court simply states, "Plaintiff failed to meet his burden of proof." (Notice of J. 1.) There is no evidence in the record on appeal regarding how the District Court reached this determination. Without a transcript of the District Court proceedings this court is without means to determine whether the District Court's judgment was "arbitrary, capricious or unreasonable" or affected by other errors of law. *Manzo*, 477 A.2d at 733. Therefore, Louis's first four arguments are denied for lack of a basis for review.

## B.     The Letter Clarifying Citations to Statutes

Regarding his final argument, Louis's brief states, "The court's decision was unconsidered because the court accepted evidences from the defendant after the trial." (Appellant Br. 1.) Whether the District Court impermissibly considered evidence introduced outside of the small claims proceeding is question of law and appropriate for this court's review on appeal. *See* M.R.S.C.P. 11(d)(1). Furthermore, because this issue addresses a matter that occurred after the conclusion the small claims proceeding, a transcript of the small claims

4

proceeding would not be relevant. Therefore, a transcript is not necessary in order for this court to conduct a meaningful review of this issue.

Though Louis's brief does not identify the allegedly impermissible evidence he is referring to, it appears that Louis is referring to the letter by Citizens Bank's counsel to the District Court following the conclusion of the small claims proceeding. The body of counsel's letter to the District Court states in total:

> I am writing to clarify the citation I gave the court regarding the Maine Uniform Commercial Code. The provision I was referring to is 11 M.R.S.A. §§ 3-404 and 405. I apologize for any confusion that my error in citing the code may have caused.

(3/12/15 Letter 1.) According to the letter, Louis was provided copies of the letter via both email and U.S. mail. (*Id.*)

Contrary to Louis's argument, the letter does not present any evidence or assert any facts. The letter merely provided the District Court with the correct citation for statutes discussed by Citizens Bank's counsel during the hearing. Therefore, District Court did not impermissibly considered evidence not admitted during the small claims proceeding.

## IV.    Conclusion

Based on the foregoing, Plaintiff-Appellant Jean Thanex Louis's appeal is denied and the small claims judgment entered by the District Court in favor of Defendant-Appellee Citizens Bank is affirmed.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: 1/14/16

Lance E. Walker
Justice, Superior Court

5