STATE OF MAINE
YORK, SS.

SUPERIOR COURT
Civil Action
Docket No. AP-15-0003

ANTHONY BOISVERT
d/b/a WHITEROCK LOGGING &
EXCAVATING, LLC,

        Plaintiff/Appellee,

v.

**ORDER**

RIZA MESIGIL,

        Defendant/Appellant.

This is an appeal from a small claims judgment entered by the District Court (*Driscoll, J.*) in favor of Anthony Boisvert d/b/a Whiterock Logging & Excavating LLC in the amount of $1,250 plus $84.49 in costs. For the reasons set out below, the appeal is denied.

## Background

Appellant hired appellee to deliver soil and stone dust to his home and to cut trees and vegetation on his property for an agreed upon price of $1,250. Appellee performed the work. Appellant paid by check, but subsequently stopped payment. After final hearing on December 22, 2014 the District Court issued a judgment for appellee. The judgment was entered on December 29, 2014.

Appellant filed a timely notice of appeal on January 26, 2015. The notice of appeal requested a jury trial de novo, and stated: "I feel people (jury) should hear the case who may have a similar experience . . . ." It also states that the District Court judge "ignored photos that I showed to the court as evidence" and did not "justly evaluate the case"; and further, a witness "was committing perjury in writing."

1

After an initial review of the record on appeal, this court concluded that "appellant has failed to submit an affidavit as required by Rule 11(d)(2) [of the Maine Rules of Small Claims Procedure]. Therefore, the request for a jury trial is required to be denied. Review will be on issues of law only based on the record from the District Court." Order on Jury Trial Request, dated March 2, 2015 (*Fritsche, J.*). A briefing schedule was set. The parties submitted written briefs and other materials. Appellant did not file a written transcript of the final hearing in District Court.

## Discussion

Since appellant's request for a jury trial was denied he does not get to re-try the case again. The remaining issue on appeal is essentially this: Was there credible evidence at trial sufficient to support the District Court's judgment?[1]

An electronic recording was made of the final hearing, and therfore a transcript of the hearing should have been prepared and filed as part of the record on appeal. It is appellant's responsibility to provide a transcript for the Superior Court in order to permit review of the District Court decision on appeal. M.R.S.C.P. 11(d)(1), (3); M.R. Civ. P. 76F(a); M.R. Civ. P. 76H(e)(3)(B)(i) ("An appellant *must* file with the notice of appeal a fully completed transcript order form in order to include in the record on appeal from the District Court to the Superior Court a complete or partial transcript of a proceeding that has been recorded by the court.") (emphasis added). A transcript is especially important when the issue on appeal is sufficiency of the evidence. Without a transcript, an appellate court is unable to review the factual findings supporting judgment. *See Lamb v. Euclid Ambler Assocs.*, 563 A.2d 365, 367 (Me. 1989); *see also*

---

[1] With respect to the perjury allegation, to the extent that appellant's complaint is that the witness's testimony was not credible, this court defers to the trial judge's assessment of the witness's credibility. If appellant continues to maintain that perjury was actually committed, he may consult the District Attorney about appropriate criminal proceedings.

*Boothbay Register, Inc. v. Murphy*, 415 A.2d 1079, 1080 (Me. 1980) ("[I]n absence of a transcript or its equivalent -- no appellate court has any way of reviewing the District Court's factual findings adverse to defendant.").

A copy of the electronic recording of the final hearing in District Court was included in the record on appeal. The court has listened to the entire recording of the hearing. Based on that review, the court determines that there was sufficient credible evidence before the District Court judge upon which he could have based a judgment for appellee.

Accordingly, the entry shall be as follows:

The appellant's appeal is DENIED. The District Court judgment is AFFIRMED.

The clerk may incorporate this order upon the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

**SO ORDERED**

DATE: March 3, 2016

Wayne R. Douglas
Justice, Maine Superior Court

3